UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

    Plaintiff,

v.

JODI DEANGELO, ET AL.,

    Defendants.

Case No. 2:23-cv-12509

U.S DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

### OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL, DISMISSING DEFENDANTS JODI DEANGELO AND DEPUTY WARDEN GODFREY AND DISMISSING DUE PROCESS CLAIM

Michigan prisoner Martell Jones is presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. He brings this 42 U.S.C. § 1983 action against Michigan Department of Corrections ("MDOC") officials Warden Jodi DeAngelo, Deputy Warden Godfrey, Inspector Nelson, Lt. Martell, Sgt. Rose, Correctional Officer Heindnen, Correctional Officer Doyle, Correctional Officer Kinaia, and Correctional Officer John Doe for alleged violations of his constitutional rights while confined at the Woodland Correctional Facility in Whitmore Lake, Michigan. Defendants are being sued in their individual and official capacities. Plaintiff seeks monetary damages and injunctive-type relief for his claims.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

I.

Plaintiff has been granted *in forma pauperis* status. (ECF No. 5.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil

Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

II.

Plaintiff's claims arose during his confinement at the Woodland Correctional Facility in Whitmore Lake, Michigan. Plaintiff alleges that on December 27, 2021, he informed Officer Doyle that he was experiencing chest pain and difficulty breathing. (ECF No. 1, PageID.6). Officer Doyle denied his request for medical care and told him to "deal with it." (*Id*.) Plaintiff informed Officer Doyle that he would file a grievance if she continued to deny his requests for medical care. Plaintiff alleges that Officer Doyle responded, "I got something for prisoners who threaten to write grievances against me! I'm going to write you a threatening behavior and put your ass on non-bond!" (*Id*.) Plaintiff alleges that Officer Doyle denied him dinner and ordered Officer Kinaia to turn off the water to his cell. (*Id*. at PageID.8.) He further alleges that Officer Doyle later wrote a false misconduct ticket, which resulted in loss of privileges. (*Id*. at PageID.12.)

That same day, a neighboring inmate flooded his cell. A response team consisting of Lt. Martell, Officer Heindnen, and Officer John Doe removed Plaintiff from his cell, placed him in restraints, and escorted him to the shower area where Inspector Nelson ordered Lt. Martell to conduct a body cavity search. (*Id*. at PageID.8-9.) Plaintiff alleges that Officer John Doe stood outside the door with an "operative handheld camera." (*Id*.) Lt. Martell ordered Officer Heindnen to cut Plaintiff's clothes. As Lt. Martell pinned Plaintiff against the wall, Officer

4

Heindnen conducted a full body cavity search of Plaintiff "by spreading Plaintiff's buttocks with his hands and penetrating Plaintiff's anus with his finger." (*Id*. at PageID.10.)   Plaintiff alleges that while this search occurred, Officer Doyle removed personal property items from his cell. (*Id*. at PageID.8-9.)

Plaintiff alleges that after the incident he was confined to his cell on segregation status for several days without water. (*Id*. at PageID.11-12.)   He alleges that the days spent without water consumption caused him pain and emotional distress. (*Id*. at PageID.14.)   Upon asking to have his water restored, Sgt. Rose informed him that she and Officers Doyle and Kinaia had placed him on water restriction after the cell flooding incident. (*Id*. at PageID.12.)   Plaintiff asserts that defendants Warden DeAngelo and Deputy Warden Godfrey were informed that Plaintiff's cell water had been turned off and failed to intervene or take proper action.  He brings claims against defendants for violations of his First, Fourth, Eighth, and Fourteenth Amendment rights.

### III.

First, Plaintiff's claims against defendants DeAngelo and Godfrey solely based on their alleged failure to act must be dismissed.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Svs*., 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat

superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Plaintiff alleges that defendants DeAngelo and Godfrey violated his Eighth Amendment rights by failing to intervene or act upon learning that Plaintiff had been placed on a water restriction without proper approval. (ECF No. 1, PageID.14.) However, such allegations are insufficient to state a claim. To state a claim under § 1983, Plaintiff "must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Walters v. Stafford*, 317 Fed. App'x. 479, 486 (6th Cir. 2009). Moreover, "[l]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quotations omitted). Likewise, liability does not attach "based solely on the right to control employees, or simple awareness of employees' misconduct." *Stafford*, 317 Fed. App'x. at 486-87. Aside from mere awareness of the alleged misconduct, Plaintiff fails to provide any facts showing that defendants DeAngelo and Godfrey were personally involved in violating his constitutional rights. For these reasons, Plaintiff's claims against defendants DeAngelo and Godfrey must be dismissed.

Second, Plaintiff is not entitled to relief on his personal property claim against defendant Doyle because he fails to state a claim. Plaintiff alleges that defendant Doyle violated his due process rights by "failing to itemize Plaintiff's property on a Prisoner Personal Property Receipt form, pack Plaintiff's property in a duffle bag, seal Plaintiff's property, provide Plaintiff with a receipt . . . and store Plaintiff's property in the facility's property room as set forth in MDOC Policy Directive: 04.07.12." (ECF No. 1, PageID.9.)

First, to the extent Plaintiff alleges that defendant Doyle violated MDOC policies and procedures by failing to properly catalog Plaintiff's property, such a claim is not cognizable in a § 1983 action. Section 1983 provides a remedy for violations of federal law, not prison policy or state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding that claims under § 1983 can be brought only for "deprivation of rights secured by the [C]onstitution and laws of the United States"). Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "[f]ailing to follow proper procedures is insufficient to establish an infringement of a liberty interest"). Therefore, Plaintiff's allegation that defendant Doyle violated MDOC policies or procedures fails to state a claim upon which relief may be granted under § 1983.

Second, even interpreting the claim as alleging due process violation, the claim still fails. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case because he fails to plead that state post-deprivation remedies are inadequate. Moreover, the Sixth Circuit has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a claim for deprivation of property without due process of law.

Lastly, the Court finds that Plaintiff's claims against defendants Nelson, Martell, Rose, Heindnen, Doyle, Kinaia, and Doe concerning retaliation, excessive force, deliberate indifference, and cruel and unusual punishment are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

## IV.

For the reasons stated, Defendants DeAngelo and Godfrey are **DISMISSED**. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's due process claim against Defendant Doyle is also **DISMISSED**. *Id*.

Plaintiff's retaliation, excessive force, deliberate indifference, and cruel and unusual punishment claims against Defendants Nelson, Martell, Rose, Heindnen,

Doyle, Kinaia, and Doe survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

**IT IS SO ORDERED**.

Dated: December 28, 2023                                     /s/Gershwin A. Drain
                                                             GERSHWIN A. DRAIN
                                                             United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 28, 2023, by electronic and/or ordinary mail.
/s/ Lisa Bartlett
Case Manager