UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

       Plaintiff,                        Case No. 2:23-cv-12509

v.                                       Honorable Susan K. DeClercq
                                          United States District Judge
NELSON, et al.,

                                    Honorable Curtis Ivy, Jr.
      Defendants.                    United States Magistrate Judge
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 55),
ADOPTING REPORT AND RECOMMENDATION (ECF No. 51), AND
GRANTING IN PART AND DENYING IN PART DEFENDANT KINAIA'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 33)**

Before this Court are Plaintiff Martell Jones's objections to the magistrate judge's report and recommendation ("R&R"), which recommends that Defendant Justin Kinaia's motion for summary judgment be granted in part and denied in part. As explained below, Jones's objections will be overruled, the R&R will be adopted, and Kinaia's motion for summary judgment will be granted in part and denied in part.

## I. BACKGROUND

Martell Jones, incarcerated at a Michigan Department of Corrections ("MDOC") facility, brings several claims under 42 U.S.C. § 1983 against MDOC corrections officers. ECF No. 1. Jones alleges that in December 2021, he requested

that a corrections officer summon medical staff because he was experiencing chest pains. The officer refused, telling Jones to "deal with it." *Id.* at PageID.6. When Jones told the officer he would file a grievance against her, she allegedly took a series of retaliatory actions against Jones. *Id.* at PageID.7. As relevant here, one of those alleged retaliatory actions included placing Jones on a "water restriction." *Id.* at PageID.8. To carry out that restriction, another corrections officer, Defendant Kinaia, was told to turn off the water supply in Jones's cell, which Kinaia did. *Id.*

In December 2024, Kinaia moved for summary judgment on the basis of exhaustion. ECF No. 33. On March 19, 2025, Magistrate Judge Curtis Ivy, Jr., issued a report recommending that Kinaia's motion be granted in part and denied in part. ECF No. 51. Judge Ivy determined that the claim that Kinaia himself ordered a water restriction should be dismissed, but the claim that Kinaia turned off Jones's water should proceed. *Id.* at PageID.331.

Jones objects to the magistrate judge's first conclusion. ECF No. 55. He did so on ten grounds, stating that:

1. Judge Ivy failed to apply the proper legal standards when he ruled on the factual allegations in this case;

2. Judge Ivy made a credibility determination on disputed evidence;

3. Judge Ivy failed to construe the evidence and draw all reasonable inferences in Jones's favor;

4. Judge Ivy failed to give Jones the benefit of all reasonable inferences from the evidentiary record;

5. Judge Ivy rendered a judgment without considering Jones's cited precedent and legal authorities;

6. Judge Ivy rendered a judgment without considering Jones's cited materials;

7. Judge Ivy rendered a judgment that was based off disputed materials;

8. Defendants misled the Court by submitting altered and incomplete documents into the record;

9. Judge Ivy rendered a judgment based off altered and incomplete documents; and

10. Judge Ivy weighed the evidence and determined the truth of the matter.

*Id.* at PageID.359–61. Objections 3 and 4 are essentially the same, and so are objections 5 and 6. This is the full extent of Jones's objections; he provides no further details or argument besides what is listed above. *See generally id.*

Kinaia responded to the objections, mainly arguing that they were too vague and failed to address the substance of the R&R. ECF No. 57.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's R&R, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the

findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017–18 (E.D. Mich. 2021). The court may adopt the magistrate judge's R&R without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

Additionally, a party's objections must be specific enough for courts to meaningfully assess their merits. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). "General objections to a magistrate judge's report or order, without identifying or explaining specific issues of contention or sources of error, are insufficient to trigger this Court's review." *Stevenson v. Ocwen Loan Servicing, LLC*, No. 14-CV-13115, 2015 WL 2083513, at *2 (E.D. Mich. May 5, 2015); *Watkins v. Tribley*, No. 09-CV-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) ("An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection."). Furthermore, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

## III. DISCUSSION

This Court has reviewed Jones's complaint, ECF No. 1, Kinaia's motion for summary judgment, ECF No. 33, the accompanying response and reply, ECF Nos. 43; 45, the R&R, ECF No. 51, Jones's objections, ECF No. 55, and Kinaia's response, ECF No. 57. After conducting this *de novo* review, this Court finds that the magistrate judge correctly determined that Jones failed to exhaust administrative remedies as to the claim that Kinaia placed him on a water restriction. There is also no clear, prejudicial error in the R&R.

Jones's objections do not change this conclusion. Mainly, the problem is that Jones's objections are too vague to permit a meaningful evaluation of their merits. *See Howard*, 932 F.2d at 508–09. Jones does little more than state in broad terms that the magistrate judge erred. *See* ECF No. 55. He includes no argument explaining how his objections relate to the specific facts of his case, and he does not engage with the substance of the R&R in any way. *See id.*

For instance, Jones objects that the magistrate judge failed to apply the proper legal standards but does not specify which standards he believes were misapplied or why. Jones objects that the magistrate judge made credibility determinations and failed to draw reasonable inferences in his favor but does not specify which determinations or inferences compromised the R&R. And Jones objects that Kinaia

misled the Court by submitting altered or incomplete documents but provides no evidence or facts to support this accusation.

In this way, all of Jones's objections are too cursory and vague. None finds support in the record evidence, and none provides a basis for altering the magistrate judge's well-reasoned R&R. Jones's objections will be overruled, the R&R will be adopted, and Kinaia's motion for summary judgment will be granted in part and denied in part.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's objections, ECF No. 55, to the magistrate judge's report and recommendation are **OVERRULED**;

2. The magistrate judge's report and recommendation, ECF No. 51, is **ADOPTED**; and

3. Defendant Kinaia's motion for summary judgment, ECF No. 33, is **GRANTED IN PART** and **DENIED IN PART**. It is granted as to the claim that Kinaia himself placed Jones on a water restriction. It is denied as to the claim against Kinaia for turning of Jones's water.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 28, 2025