UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

               Plaintiff,                         Case No. 2:23-cv-12509

v.                                      Honorable Susan K. DeClercq
                                            United States District Judge
NELSON, et al.,

                                      Honorable Curtis Ivy, Jr.
             Defendants.               United States Magistrate Judge

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 47)

Martell Jones, incarcerated at a Michigan Department of Corrections ("MDOC") facility, brings several claims under 42 U.S.C. § 1983 against MDOC corrections officers. ECF No. 1. Currently before this Court is Jones's motion for relief from judgment. ECF No. 47. Jones's motion asks this Court to consider his objections, ECF No. 42, to the magistrate judge's report and recommendation ("R&R"), which were filed just hours after this Court adopted the R&R, ECF No. 41.

As relevant here, in August 2024, some of the corrections officers that Jones sued (Defendants Michael Nelson, Edward Heinonen, and Kelly Doyle) moved for summary judgment on the basis of exhaustion. ECF No. 20. On January 2, 2025, Magistrate Judge Curtis Ivy, Jr., issued a report recommending that the motion be

granted in part and denied in part. ECF No. 39. Judge Ivy directed the parties to file objections to the R&R within 14 days of service, noting that their "failure to file specific objections constitutes a waiver of any further right of appeal." *Id.* at PageID.275.

26 days later, on January 28, 2025, this Court adopted the R&R, noting that no objections had been filed by either party. *See* ECF No. 41. But later that same day—just hours after the order adopting the R&R had been entered—objections from Jones were filed on the docket. ECF No. 42.

Jones then moved for relief from judgment. *See* ECF No. 47. In his motion, Jones explained that he had submitted his objections to prison officials for filing within 14 days of service, as Judge Ivy required, but that delays in the prison-mail system resulted in the objections not being filed on the docket until January 28. *See id.* Thus, because he did not cause the delay, Jones requests that this Court address his objections to the R&R. *Id.*

This Court understands that delays caused by the prison-mail system often put incarcerated plaintiffs like Jones at a disadvantage, given that they are "at the mercy of the general postal service and the internal bureaucracy of their places of confinement." *Ashley v. Boayue*, No. 22-1295, 2023 WL 2910533, at *3 (6th Cir. Jan. 10, 2023), *reh'g denied* (Feb. 6, 2023), *cert. denied*, 144 S. Ct. 130 (2023). And this Court takes Jones at his word that he timely submitted his objections to the R&R.

Even so, having now reviewed and considered Jones's objections, this Court finds that none of the objections provide a basis for relief from judgment. Mainly, the problem is that Jones's objections are too vague to permit a meaningful evaluation of their merits. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991) (reasoning that a party's objections must be specific enough for courts to meaningfully assess their merits); *Stevenson v. Ocwen Loan Servicing, LLC*, No. 14-CV-13115, 2015 WL 2083513, at *2 (E.D. Mich. May 5, 2015) ("General objections to a magistrate judge's report or order, without identifying or explaining specific issues of contention or sources of error, are insufficient to trigger this Court's review."); *Watkins v. Tribley*, No. 09-CV-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) ("An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection."). Jones does little more than state in broad terms that the magistrate judge erred. *See* ECF No. 42. He includes no argument explaining how his objections relate to the specific facts of his case, and he does not engage with the substance of the R&R in any way. *See id.*

- 3 -

For this reason, Jones's objections do not provide a basis to disturb this Court's adoption of the magistrate judge's well-reasoned R&R. Accordingly, it is **ORDERED** that Jones's motion for relief from judgment, ECF No. 47, is **DENIED**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 28, 2025